UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -    :    SEALED
                                        **INDICTMENT**

DMITRY M. NASKOVETS,    :    10 Cr.

        Defendant.    :    **10 CRIM. 317**

- - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

At all times relevant to this Indictment, unless otherwise indicated:

### RELEVANT INDIVIDUALS AND ENTITIES

1.    At various times relevant to this Indictment, DMITRY M. NASKOVETS, the defendant, resided in the Czech Republic and the Republic of Belarus. NASKOVETS, together with at least one co-conspirator, Sergey A. Semashko, a resident of the Republic of Belarus, owned and operated "CallService.biz," an online business. As described below, NASKOVETS and Semashko created CallService.biz, a Russian language website, to facilitate and profit from identity theft.

2.    DMITRY M. NASKOVETS, the defendant, communicated with his co-conspirators, including Sergey A. Semashko, over the Internet using, among other means, instant message services, such as Google Talk.

BACKGROUND

3. Personal identifying and financial information may be stolen through a variety of means, including hacking into financial institutions' computer systems, "phishing" attacks, or by infecting victims' computers with malicious software, or "malware," such as "keylogger" viruses.[1] The stolen information can include a victim's name, address, telephone number, Social Security number, user names and passwords for online accounts, as well as bank account numbers, credit card numbers, and associated security codes. So-called "carding" websites are locations on the Internet where criminals can, among other things, buy and sell stolen personal identifying and financial information.

4. Many merchants, banks, credit card companies, and other financial institutions permit their customers to conduct transactions online and over the telephone. Identity thieves use stolen personal identifying and financial information to exploit this fact and generate illegal profits by, for example, using stolen credit card numbers to fraudulently make purchases over

---

[1] "Phishing" is a means of acquiring sensitive information, such as credit card information, by masquerading as a trustworthy entity in an electronic communication. Phishing is typically carried out by an e-mail or instant message that directs a recipient to enter sensitive information into a website controlled by the sender of the phishing email. A "keylogger" virus tracks the keys struck on an infected computer's keyboard, typically in a covert manner so that the person using the keyboard is unaware that his or her keystrokes are being monitored.

the telephone or Internet and using stolen usernames and passwords to withdraw money from victims' bank accounts online.

    5.    As a security measure, financial institutions and businesses often require that the authorized account holder speak to a representative over the telephone to confirm a particular transaction.  As a further security measure, financial institutions and businesses typically check to make sure that the characteristics of the caller match known characteristics of the account holder.  For example, if the account holder is a woman residing in the United States, a financial institution may check to make sure the caller was a female who spoke English.

                    THE SCHEME TO DEFRAUD

    6.    From at least in or about June 2007, up to and including in or about April 2010, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko, devised an illegal scheme and artifice to defraud individuals, financial institutions and other businesses by creating and operating CallService.biz, an online enterprise designed to help identity thieves profit from stolen financial data.

    7.    As a part of the fraudulent scheme, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko, in exchange for a fee, provided the services of English- and German-speaking individuals to users of CallService.biz.  These English and German speakers would, among

other things, pose as authorized account holders located in the United States or Germany and place telephone calls to financial institutions and other businesses to conduct or confirm fraudulent transactions on behalf of CallService.biz users. For example, CallService.biz callers would confirm unauthorized withdrawals or transfers from bank accounts, unblock accounts, or change the address or phone number associated with an account.

    8. As a further part of the fraudulent scheme, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko, maintained a Russian language website with the domain name "callservice.biz" at an Internet service provider in Lithuania, through which identity thieves could order CallService.biz's illegal services over the Internet. Orders consisted of, for example, the name of the bank the user wanted to contact, the stolen account information that the user had illegally obtained, and instructions from the user as to what to say, or the fraudulent transaction that was to be conducted, during a phone call to the bank. NASKOVETS and his co-conspirators would assign an appropriate individual, including one who was the same gender and spoke the same language as the authorized account holder. After the requested call was made, NASKOVETS and his co-conspirators would report the results to the CallService.biz user, who could issue instructions for further telephone calls, if necessary.

9.   As a further part of the fraudulent scheme, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko, required users to pay for CallService.biz's illegal services via WebMoney, an online system through which individuals can anonymously and securely send and receive funds over the Internet.

10.   As a further part of the fraudulent scheme, at various times relevant to this Indictment, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko, advertised CallService.biz's illegal services on at least one carding website, CardingWorld.cc, which was owned and operated by Semashko.  According to at least one of those advertisements, CallService.biz had "over 2090 people working with" it and had "done over 5400 confirmation calls" to banks, meaning calls to confirm or conduct fraudulent transactions, as described above.  At least one of those advertisements directed "a special offer of an unlimited number of confirmation calls" to "interested individuals[ and] successful Carders (drop handlers ... PIN cashers, etc.)."[2]

---

[2] A "carder" is someone who buys, sells, trades, or exploits stolen or otherwise unlawfully obtained credit card or debit card account numbers and information.  A "drop handler" is someone who hires and manages "drops," which are addresses or individuals to which an identity thief can have online merchants ship goods purchased with a stolen identity, or to which an identity thief can wire stolen funds.  A "PIN casher" is someone who uses stolen credit card or debit card information to directly withdraw cash from a victim's credit line, credit card, or bank account.

STATUTORY ALLEGATIONS

11. From at least in or about June 2007, up to and including in or about April 2010, in the Southern District of New York and elsewhere, DMITRY M. NASKOVETS, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

12. It was a part and an object of the conspiracy that DMITRY M. NASKOVETS, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

OVERT ACTS

13. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and elsewhere:

    a.    On or about June 27, 2007, DMITRY M. NASKOVETS, the defendant, exchanged instant messages over the Internet with Sergey A. Semashko, during which NASKOVETS and Semashko discussed, among other things, registering a domain name for a fraudulent confirmation call service.

    b.    On or about June 28, 2007, DMITRY M. NASKOVETS, the defendant, exchanged instant messages over the Internet with Sergey A. Semashko, during which Semashko told NASKOVETS, among other things, that he was going to register the domain name "callservice.biz."

    c.    On or about July 17, 2007, DMITRY M. NASKOVETS, the defendant, exchanged instant messages over the Internet with Sergey A. Semashko, during which NASKOVETS and Semashko discussed, among other things, an order by a CallService.biz user, and during which NASKOVETS mentioned a $35,000 wire transfer that was to be made on July 17, 2007 from a certain checking account (the "Checking Account"), which belonged to an individual residing in Westchester County, New York.

    d.    On or about July 17, 2007, an unauthorized $35,000 wire transfer was made from the Checking Account.

    e.    On or about October 22, 2007, DMITRY M. NASKOVETS, the defendant, exchanged instant messages over the

Internet with Sergey A. Semashko, during which NASKOVETS and Semashko discussed, among other things, identifying information of a victim that had been used to make a fraudulent online purchase, including the victim's name, address, email address, Social Security number, and answers to security questions, such as how old the victim's father was when the victim was born, the victim's oldest sibling's nickname, and the city in which the victim had married.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

(Conspiracy to Commit Access Device Fraud)

The Grand Jury further charges:

14.  The allegations in paragraphs 1 through 10 and 13 are repeated, re-alleged, and incorporated as if set forth fully herein.

15.  From at least in or about June 2007, up to and including in or about April 2010, in the Southern District of New York and elsewhere, DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate

Title 18, United States Code, Sections 1029(a)(2), 1029(a)(3), and 1029(a)(5).

16. It was a part and an object of the conspiracy that DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did traffic in and use one and more unauthorized access devices during a one-year period, and by such conduct would and did obtain a thing of value aggregating $1000 and more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

17. It was further a part and an object of the conspiracy that DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did possess fifteen and more devices which were counterfeit and unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

18. It was further a part and an object of the conspiracy that DMITRY M. NASKOVETS, the defendant, and his co-conspirators, including Sergey A. Semashko and others known and unknown, unlawfully, willfully, knowingly, and with intent to

defraud, in an offense affecting interstate and foreign commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and another thing of value during a one-year period the aggregate value of which was equal to and greater than $1000, in violation of Title 18, United States Code, Section 1029(a)(5).

## OVERT ACTS

19. In furtherance of the conspiracy and to effect the illegal objects thereof, the overt acts described above in paragraph 13, which are repeated, re-alleged, and incorporated as if set forth fully herein, were committed in the Southern District of New York and elsewhere.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT THREE

(Aggravated Identity Theft)

The Grand Jury further charges:

20. The allegations in paragraphs 1 through 10 and 13 are repeated, re-alleged, and incorporated as if set forth fully herein.

21. From at least in or about June 2007, up to and including in or about April 2010, in the Southern District of New York and elsewhere, DMITRY M. NASKOVETS, the defendant, unlawfully, willfully, and knowingly did transfer, possess, and

use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, during and in relation to the offense charged in Count One of this Indictment, NASKOVETS possessed and aided and abetted the possession of credit card numbers and bank account numbers belonging to other people, and transferred them to co-conspirators who used them to facilitate fraudulent transactions.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## FORFEITURE ALLEGATION

22. As a result of committing one or more of the offenses alleged in Counts One and Two, DMITRY M. NASKOVETS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, and, pursuant to Title 18, United States Code, Section 1029(c), any personal property used or intended to be used to commit the offense alleged in Count Two, including but not limited to the following:

    a. a sum in United States currency representing the amount of proceeds obtained as a result of the offense; and

    b. the domain name of CallService.biz.

## SUBSTITUTE ASSETS PROVISION

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of NASKOVETS's up to the value of the above-described forfeitable property.

(Title 18, United States Code, Section 982.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DMITRY M. NASKOVETS,

                        Defendant.

## INDICTMENT

10 Cr.

(18 U.S.C. §§ 2, 1028A(a)(1), 1029(b)(2), and 1349)

PREET BHARARA
United States Attorney

A TRUE BILL

*[signature]*
Foreperson

4-12-10 mB — Filed indictment /w A.W. Under seal --- Ellis, USMS